**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **GERRY LINDSAY BANKS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>_____ ) | **CIVIL ACTION**<br><br>**No. 11-2549-JWL** |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security disability benefits (SSD) and Supplemental Security income benefits (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the Commissioner's determination that Plaintiff has past relevant work as an order filler and as an assembly line worker to which he could return if he stopped drinking alcohol, the court ORDERS that the decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.      Background**

Plaintiff applied for both SSD and SSI on August 30, 2007,[1] alleging disability beginning December 1, 2005. (R. 10, 170-72, 180-89). The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 10, 23-24, 75-78). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Guy E. Taylor on December 10, 2009. (R. 23-74). At the hearing, testimony was taken from Plaintiff, from Plaintiff's brother, and from a vocational expert. (R. 10, 23-74). On January 28, 2010 the ALJ issued a decision finding that Plaintiff's condition meets the criteria of Listing 12.09 of the Listing of Impairments, but that if Plaintiff stopped using alcohol, he would be able to perform certain past relevant work. (R. 82-90). Therefore, he determined that Plaintiff's substance abuse disorder is a contributing factor material to the determination of disability and that, consequently, Plaintiff is not disabled within the meaning of the Act. (R. 90). He denied Plaintiff's applications. Id.

Plaintiff requested review of the ALJ's decision. (R. 152-62). The Appeals Council granted Plaintiff's request, finding that the decision was a draft copy, and ordered the ALJ to provide a corrected copy of the decision, take any further action needed to complete the administrative record, and issue a new decision. (R. 96). The ALJ issued a new decision on March 7, 2011. (R. 10-18). Once again, the ALJ found that Plaintiff's

---

[1]Although the decision states that Plaintiff filed his applications on August 30, 2007, the record contains two "Application[s] for Disability Insurance Benefits" signed and dated by Plaintiff on August 3, 2007. (R. 183, 187). Plaintiff does not claim error in this ambiguity, but the Commissioner should address the issue, if material, on remand.

condition meets the criteria of Listing 12.09 but that if Plaintiff stopped using alcohol, he would be able to perform certain past relevant work.  He determined that Plaintiff's substance abuse disorder is a contributing factor material to the determination of disability, requiring a finding that Plaintiff is not disabled within the meaning of the Act, and he denied Plaintiff's applications.  Once again Plaintiff sought Appeals Council review, but the Council found no reason to review the decision and denied Plaintiff's request.  (R. 1-6, 290-94).  Therefore, the ALJ's decision is the final decision of the Commissioner.  (R. 1);  Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).  Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act.  Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)).  Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party.  It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).

Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months. Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. §§ 404.1520, 416.920 (2010);[2] Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents

---

[2]The Commissioner's decision in this case was issued on March 7, 2011, and, unless otherwise noted all citations to the Code of Federal Regulations in this opinion refer to the 2010 edition of 20 C.F.R. Parts 400 to 499, Revised as of April 1, 2010.

performance of past relevant work.  Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show there are jobs in the economy within Plaintiff's RFC.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

When the claimant is found disabled upon application of the sequential evaluation process, and the record contains medical evidence of drug addiction or alcoholism, additional consideration is required.  An individual will not be considered disabled within the meaning of the Act "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. § 423(d)(2)(C).  Therefore, if a claimant is disabled and there is medical evidence of drug addiction or alcoholism, the Commissioner must determine whether drug addiction or alcoholism is a contributing factor material to the determination of disability.  If it is, the claimant will be found not to be "disabled" as defined in the Act.  Drapeau v. Massanari, 255 F.3d 1211, 1215 (10th Cir. 2001).  The key factor in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability "is whether the Commissioner would still find the claimant disabled if he or she stopped using drugs or alcohol."  Id.; see also 20 C.F.R. § 404.1535(b)(1) (key factor is "whether we would still find you disabled if you stopped using drugs or alcohol").

Therefore, where an ALJ applies the sequential evaluation process, finds the claimant disabled, and finds evidence of drug addiction or alcoholism, he must then apply the sequential evaluation process again--considering only the claimant's limitations which

would remain if he stopped using drugs or alcohol.  If the ALJ finds the claimant would be disabled even when considering only the limitations which would remain, then drug addiction or alcoholism is not a contributing factor material to the determination of disability, and the ALJ must find that the claimant is disabled within the meaning of the Act.  If, however, the ALJ finds that the claimant would not be disabled when considering only the limitations which would remain if he stopped using drugs or alcohol, the drug addiction or alcoholism is a contributing factor material to the determination of disability, and the ALJ must find that the claimant is not "disabled" within the meaning of the Act.

Plaintiff claims numerous errors in the ALJ's decision.  He argues that his condition meets Listing 12.04, that the ALJ improperly rejected the opinion of his treating psychiatrist, that the ALJ did not properly identify his impairments, that the ALJ erred in evaluating Plaintiff's credibility and assessing his RFC, and that the ALJ's finding that Plaintiff is able to perform past relevant work is not supported by substantial record evidence.  The Commissioner provides the counterpoint to each of Plaintiff's arguments.  He argues that the ALJ properly considered Plaintiff's impairments, that the ALJ properly found that Plaintiff's condition does not meet Listing 12.04 when considering only the limitations which would remain if he stopped using alcohol, that the ALJ properly evaluated the medical opinions, that the ALJ properly discounted the credibility of Plaintiff's allegations and assessed an RFC which is supported by substantial record evidence, and that the ALJ properly found that Plaintiff is able to perform his past relevant work.

The court notes that the ALJ applied the correct legal standard for a case such as this where the record contains medical evidence of alcoholism. He first applied the sequential evaluation process and determined at step three that Plaintiff's condition meets the criteria of Listing 12.09B, depressive syndrome resulting from a substance addiction disorder, as evaluated under Listing 12.04. (R. 12-14). He then applied the sequential evaluation process a second time, considering only the claimant's limitations which would remain if he stopped using drugs or alcohol. (R. 15-17). In this second application of the process, the ALJ determined at step two that Plaintiff would have a severe combination of impairments including major depression, panic disorder, and seizures. (R. 15). He found that the seizures by themselves would not be severe if Plaintiff stopped using alcohol. Id. At step three, he determined that Plaintiff's combination of impairments would not meet or medically equal the severity of any Listed impairment-- specifically considering Listing 12.04 and Listing 12.06. Id. He assessed Plaintiff with an RFC for light work limited to work requiring an SVP (specific vocational preparation) of 3 or less, no climbing of ladders, occasional balancing, and less than moderate exposure to hazards. (R. 15-17). He found that when considering only limitations which would remain if Plaintiff stopped using drugs or alcohol he would be able to perform past relevant work as an order filler and assembly line worker and would not be disabled within the meaning of the Act. Id. at 17-18. The ALJ found that Plaintiff is not disabled at step four of the process and did not proceed to evaluate step five. Because he determined Plaintiff would not be disabled if he stopped using alcohol, the ALJ

determined that drug addiction or alcoholism is a contributing factor material to the determination of disability, and he found that the claimant is not "disabled" within the meaning of the Act. Id. at 18. Consequently, he denied Plaintiff's applications. Id.

The court finds that remand is necessary because the ALJ erred in finding at step four of the sequential evaluation process that Plaintiff had past relevant work as an order filler and an assembly line worker which he would be able to perform if he stopped using alcohol. Therefore, even if the court were to assume that the ALJ made no errors in assessing the limitations which would remain if Plaintiff stopped using alcohol, the case must be remanded. Plaintiff may make each of his remaining arguments to the Commissioner on remand, and the court will not address them here.

## III.     Past Relevant Work

Plaintiff argues that his work in a warehouse, on an assembly line, and as an order filler was not "substantial gainful activity" (SGA) as defined in the regulations, and that an ALJ may not find that a claimant can return to "past relevant work" which was not SGA. (Pl. Br. 39) (citing Soc. Sec. Ruling (SSR) 82-62). In response, the Commissioner points out that this case was decided at step four of the sequential evaluation process where it remains Plaintiff's burden to prove that he is unable to perform his past relevant work. (Comm'r Br. 13-14). He argues that Plaintiff failed to make a prima facie case that he could not return to his past relevant work, and that the vocational expert (VE) testimony that an individual with Plaintiff's limitations if he stopped using alcohol could perform Plaintiff's past relevant work as an order filler and an assembly line worker is

9

substantial evidence supporting the ALJ's determination that Plaintiff can return to his past relevant work.  Id. at 14.  The Commissioner goes on to argue that at least Plaintiff's work as an order filler constituted SGA because it provided more than the minimum compensation necessary to be considered SGA.  Id.

The Commissioner's regulations control the decision in this case.  The regulations define past relevant work as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it."  20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1) (citing, respectively, §§ 404.1565(a), and 416.965(a) ("work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity")).  An unsuccessful work attempt consists of work which the claimant was forced to stop or to reduce below the level of SGA because of the claimant's impairments.  Id. at §§ 404.1574(a)(1), 416.974(a)(1).  "[E]arnings from an unsuccessful work attempt will not show that [the claimant is] able to do substantial gainful activity."  Id.  "If a period of work is an unsuccessful work attempt, we will not consider that work to be SGA."  SSR 11-2p, West's Soc. Sec. Reporting Serv., Rulings 444 (Supp. 2012) (citing 20 C.F.R. §§ 404.1574(c), 404.1575(d), 416.974(c), 416.975(d), SSR 84-25, SSR 05-2).

The ALJ found at step one of the sequential evaluation process that Plaintiff has not engaged in SGA since his alleged onset date, December 1, 2005.  (R. 13) (finding no. 2).  He based this step one finding upon his determination that Plaintiff's work activity after that date was "considered an unsuccessful work attempt and does not constitute

substantial gainful activity." Id.  At step four of the evaluation process the ALJ found that Plaintiff "has past relevant work as an order filler, general office helper and general laborer/assembly line work," and that pursuant to the VE's testimony Plaintiff could perform his past relevant work as an order filler and assembly line worker.  (R. 17-18).

The ALJ specifically found that Plaintiff's assembly line work was an unsuccessful work attempt. (R. 13).  In accordance with the regulations, that work cannot be considered substantial gainful activity, and as such cannot constitute past relevant work.  The Commissioner admitted as much when he recognized Plaintiff's argument that the assembly line work and the order filler jobs were not substantial gainful activity and argued in response only that the order filler job was SGA and therefore constituted past relevant work to which the VE testified Plaintiff could return.  (Comm'r Br. 14-15).

However, the decision also precludes a finding that the order filler job was substantial gainful activity.  Although the ALJ did not specifically state that the order filler job was not substantial gainful activity, he found that Plaintiff "has not engaged in substantial gainful activity since December 1, 2005, the alleged onset date."  (R. 13).  As the Commissioner argues in his response brief, "Plaintiff worked for Marley Cooling Tower as an order filler for two months in 2006."  (Comm'r Br. 14) (citing R. 207) (emphasis added).  The Commissioner then argues that if Plaintiff worked four weeks in each month in which he worked at Marley, his earnings would have exceeded the level at which they would be presumed to be SGA.  Id.  The Commissioner's argument fails for several reason.  First, the Commissioner points to no record evidence demonstrating that

11

Plaintiff worked four weeks during both months in which he worked at Marley, or that he worked forty hours each week during the time in which he worked at Marley.  Although the Commissioner cites to a "Work History Report" in which Plaintiff reported that his "Rate of Pay" at Marley was $9.60 an hour for an eight-hour workday in a five-day workweek (R. 210), the Commissioner points to no evidence that Plaintiff actually worked four forty-hour weeks for each of the two months he worked at Marley.  Moreover, the "Work History Report" instructs Plaintiff to "Estimate hours and pay, if necessary."  (R. 210).

Second, and most importantly, the Commissioner admits that the order filler job was performed for two months in 2006, and the ALJ found that Plaintiff did not engage in SGA after December 1, 2005.  (R. 13, finding no. 2).  Thus, the ALJ implicitly found the work at Marley was not SGA.  Because the ALJ implicitly found the work at Marley was not SGA, and because work which is not substantial gainful activity cannot constitute past relevant work, the order filler job cannot constitute past relevant work.

The court has concluded that the ALJ's finding that Plaintiff did not engage in SGA after December 1, 2005 precludes his finding that either the job as an assembly line worker, or as an order filler constitutes past relevant work.  Because the jobs upon which the ALJ relied at step four cannot constitute past relevant work, there is no evidentiary basis upon which the ALJ might find that Plaintiff could return to past relevant work.  Because the ALJ did not make an alternative finding at step five that there is other work in the economy which Plaintiff is able to perform, the court must conclude that remand is

necessary for proper consideration.  On remand, Plaintiff shall be permitted to make his remaining allegations of error for the Commissioner's consideration.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

Dated this 16th  day of January 2013, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**